UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

VICTOR BERRY,  )
       Plaintiff,  )
v.  ) Case No. CV408-159
MI-DAS LINE S.A., and  )
DOUN KISEN CO., LTD.,  )
       Defendants.[1]  )

## ORDER

Plaintiff Victor Berry, a longshoreman injured while unloading a vessel, brought this Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), case against the vessel's owners and related parties. Doc. 1 at 22 (Complaint ¶¶ 16-19); *id.* at 23 (Complaint ¶ 27); doc. 11-4 ¶ 30 (Amended Complaint). The Court recently granted summary judgment to two defendants. Doc. 77. The remaining two thus press their Fed. R. Civ. P. 35 Motion for an Independent Medical Examination.[2] Doc.

---

[1] The Court has amended the above caption to reflect its summary judgment ruling, doc. 77. All subsequent filings shall conform.

[2] In pertinent part the rule provides:

70.

Some background informs this motion. Berry alleges that as he was proceeding down the gangway from the vessel toward the dock, a crewmember's negligence caused him to fall and injure his left knee. Doc. 37 at 5-6. Defendants Mi-Das and its parent company, Doun Kisen Ltd., owned and operated the vessel. They employed the crew, including the mate who negligently caused Berry's injury. Mi-Das time-chartered the vessel to Mitsui O.S.K. Lines (Mitsui). Mitsui engaged Toko Kaiun Kaisha Ltd, d/b/a Toko Line (Toko) as its agent to carry out its time-charterer responsibilities under a Mitsui/Mi-Das charter agreement. *Id.*; *see also* doc.

---

(a) Order for an Examination.

    (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

    (2) Motion and Notice; Contents of the Order. The order:

        (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

        (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

77 at 1-2 (summary judgment order at 1-2).

Berry alleges negligence under general maritime law, contending that the defendants are jointly responsible and vicariously liable for the negligent acts and omissions of the crewmember who caused his injuries. Doc. 37 at 6. Ruling that Mitsui and Toko cannot be found liable, the Court granted summary judgment and dismissed them. Doc. 77 at 9.

Prior to that ruling, all of the defendants moved the Court "for an order requiring [Berry] to submit to an independent examination by [defendants'] rehabilitation expert." Doc. 70 at 1. The motion is still pending, since Mi-Das and Doun remain in the case. Doc. 77. These defendants note that Berry's injury caused him to endure a knee replacement, so they want their vocational expert to assess his re-employment prospects and physical deficits. *Id.* at 2. They cite, *inter alia*, *Romano v. Interstate Exp., Inc.*, 2009 WL 211142 at * 1-2 (S.D. Ga. Jan. 28, 2009)(Good cause for an independent medical examination by the insurance company's medical experts was shown in a personal injury action arising from automobile accident, a collision between an insured motorist and another driver. The other driver claimed that the insured motorist was

negligent in making a turn, and as a result, the other driver suffered a degloving injury, which led to great mental and physical injuries. The other driver placed his physical injuries in controversy, and the damages determination turned on the nature and extent of the injuries.).

Opposing the motion, Berry says "the exam is not 'independent,' as the person who Defendants request to conduct the examination is Defendants' retained vocational rehabilitation provider." Doc. 73 at 1. He emphasizes that he has provided the defendants with ample discovery information, including work records, his deposition testimony, and a medical exam by defendants' retained orthopedist. Plus they have subpoenaed his employment records. *Id.* at 2. "All such information should certainly suffice," plaintiff insists, "for purposes of a vocational rehabilitation expert to render an opinion as to [p]laintiff's potential employability." *Id.* Therefore, he concludes, the Rule 35 "exam" Order that defendants now seek is unnecessary. *Id.* at 3. And, he contends that the federal rules "do not provide for anything other than a mental or medical exam, neither of which fall within the scope of the wide and almost limitless inquiry sought in this case." *Id.* Vocational and aptitude testing,

he asserts, is not synonymous with a medical exam. *Id.* at 4.

Defendants counter that Berry's own vocational expert is going to examine and assess him at basically the same level, so it would be unfair to deny their expert the same access. Furthermore, the Rule does not employ the word "independent." And ample case law authorizes examination by a particular side's expert. Doc. 75. They cite to, *inter alia, Norfolk Dredging Co. v. M/V A.V. KASTNER,* 2003 WL 23305262 at * 11 (D. Md Oct. 8, 2003) ("The Court is persuaded that 'level playing field' concerns provide Movants with sufficient good cause to conduct their own examinations when Slaton has already designated medical, psychological and vocational experts who are prepared to testify on his behalf.").

Courts have gone both ways on this issue. *See, e.g., Storms v. Lowe's Home Ctrs., Inc.,* 211 F.R.D. 296, 298 (W.D. Va. 2002) (defendant did not demonstrate "good cause" for requiring plaintiff to submit to a vocational assessment; plaintiff provided defendant with a copy of all medical records, a copy of the report from his vocational expert, his tax records, and all other discoverable material requested by defendant, and could be deposed on all matters relating to his functional capacity), cited in 23 AM. JUR. 2D

DEPOSITIONS AND DISCOVERY § 175 (May 2009).

> But *Storms* is distinguishable. That court reasoned that
>
>> where a party seeks a mere vocational assessment not connected with any physical or mental examination, as is the case here, Rule 35 is not implicated. Likewise, this court declines to read the Advisory Committee's Notes relating to the Rule's amendment in 1991[3] to suggest that a mere vocational assessment should be brought within the purview of the Rule. While the amendment explicitly expanded the scope of examiners to be covered, it did not expand the scope of examinations available under the Rule. Because [the defendant] asks only to conduct a vocational assessment *unconnected* with either a physical or a mental examination, the court declines to compel Plaintiff to appear for a personal interview.
>
> 211 F.R.D. at 298 (footnote and emphasis added); *see also Yarosevich v. Toyota Indus. Corp.*, 2008 WL 2329331 at * 2 (D.N.H. June 5, 2008) (denying Rule 35 exam in part because "the vocational expert appears to have all the material he needs, (assuming defense counsel has done his job in discovery")).

Defendants here insist that the exam they seek follows and thus is

---

[3] That court examined Rule 35's last substantive revision, which occurred in 1991. Prior to 1991, the Rule provided only for a "'physical examination by a physician, or mental examination by a physician or psychologist.'" *Storms*, 211 F.R.D. at 297 (quoting the pre-1991 version). The 1991 revision extended it "to include other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute." *Id.*

analytically connected to medical examinations conducted upon the plaintiff. Also, they do *not* have all that they need. Moreover, they further argue, Berry's own conduct aligns with their "position, as he has arranged for his own vocational expert to perform numerous tests, prepare a report, and serve as a testifying witness at trial. To expect Defendants' counsel to conduct a vocational test on the Plaintiff during his deposition is unrealistic and improper based on the qualifications necessary to conduct such an exam." Doc. 75 at 3.

This cogent argument has gone unrebutted, and it is undisputed that plaintiff has been subjected to multiple physical exams. *See* doc. 36 (Berry's list of "may call" expert witnesses, including medical providers). Nor has Berry rebutted defendants' showing that their vocational examiner "is a licensed mental health counselor, a certified rehabilitation counselor, a certified vocational evaluation specialist, a certified disability management specialist and a board certified professional counselor." *Id.* at 4. The Court thus finds the foregoing, "no-examination" decisions inapposite.

It is worth reviewing the core showing a Rule 35 movant must make:

> The good-cause requirement of Rule 35 is unique, and indicates that there must be a greater showing of need to obtain a

physical or mental examination of a party than to obtain other forms of discovery. Something more than the unsupported assertion that an examination would be helpful or desirable must be given; instead, good cause for an examination exists when a person's physical or mental state cannot be evidenced without the assistance of expert medical testimony based on an examination. In determining "good cause" for the ordering of a physical or mental examination, the ability of the movant to obtain the desired information by other means is a relevant factor.

23 AM. JUR. 2D DEPOSITIONS AND DISCOVERY § 175 (*Prerequisites to issuance of order*) (May 2009) (footnotes omitted). Defendants have made that core showing here. In contrast, plaintiff's position is unreasonable. He does not dispute that, at the end of the day, he wants these defendants to pay him money for his injuries. He does not dispute that part of the presentation he will make to support his money damage claim will be based on what he can and cannot do, employment-wise, given his knee injury. Nor does he dispute that he is going to use an expert to testify about his employability deficits, and that such expert will opine based upon the direct scrutiny and testing of plaintiff. Defendants seek merely to supply their expert with the same information. There is nothing new or extraordinary about that. *See* RUTTER PRACTICE GUIDE: FED.CIV.PRO. BEF.TRIAL (5th Cir) CH. 11(IV)-E, E.( *Physical And Mental Examinations*) (2009) ("'Good cause' is

more likely to be found where the complaining party has hired its own vocational expert to support its case."); *accord Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 200-01 (E.D. Tex. 1996) (as the defendant in an injured employee's Jones Act suit, vessel owner showed good cause for order requiring employee to submit to interview by owner's vocational-rehabilitation expert, since employee had placed his physical and mental condition in controversy by alleging damages for loss of earnings and/or earning capacity, physical and mental pain and anguish, and physical impairment and by submitting to his own vocational-rehabilitation expert for evaluation; to avoid prejudice, owner had to have its expert conduct examination of employee to rebut reports of employee's vocational-rehabilitation expert); *Myers v. Stolt-Nielsen Transp. Group, Inc.*, 2008 WL 938565 at * 1 (S.D.Tex. Apr. 4, 2008).[4] The defendants' Rule 35 motion (doc. 70) therefore is **GRANTED**.[5]

---

[4] Parties in such cases, of course, can save time and litigation resources by, for example, agreeing on one such examiner to be employed by both, or at least have both of their respective examiners present during *one* testing. *See* Monroe *v. Cooper/T. Smith Stevedoring Co., Inc.*, 2008 WL 687196 at * 3 n. 11 (M.D. La. Mar 10, 2008) (granting defendant's Rule 35, vocational rehabilitation examination request, and citing case law discussing this concept).

[5] No attorneys or other agents may be present, as no good cause showing has been made to justify that. *See Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258

Finally, "Rule 35 requires the court to specify in its order the scope and conditions of the examination, and in this way the court may pass on the diagnostic procedures to be used." Wright & Miller, 8A FED. PRAC. & PROC. CIV.2D § 2235 (*Types of Examination Permitted*) (2009) (footnote omitted). No such limitation need be specified here, however, as the examination does not include physical pain, extractions, or insertions (e.g., spinal taps, barium enemas, *id.* n. 11, 12), and nothing more than a routine set of vocational diagnostics are suggested. Hence, the defendants' expert may conduct any appropriate tests or request background information from Berry. However, he "shall neither undertake a physical examination of [him] nor ask questions relating to liability issues in this action." *Fischer*, 168 F.R.D. at 201. The parties are directed to agree on a place and time convenient to both sides. Sanctions will be imposed for any obstructive conduct on that score.

**SO ORDERED,** this 5th day of October, 2009.

/s/ signature

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

F.R.D. 523, 526 (S.D. Fla. 2009) ("the majority of federal courts have held that third parties should be excluded absent special circumstance.").